IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CT-3123-BO

SHAUN A. HAYDEN )
    Plaintiff, )
     )
v. )
     )
PAUL G. BUTLER, )
    Defendant. )
     )
     )

## **OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Shaun Hayden respectfully submits this memorandum in opposition to Defendants' Motion for Summary Judgment (D.E. 37).

### I. *Graham* applies to Mr. Hayden's sentence

In *Graham v. Florida*, 560 U.S. 48 (2010), the Supreme Court invalidated a "life without parole" sentence for a juvenile offender convicted of a nonhomicide crime. The Court concluded that juvenile offenders are entitled to "a meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." 560 U.S. at 75. Defendants insist that this holding does not apply to Mr. Hayden because he was sentenced to "life" in prison, rather than "life without parole." *See* D.E. 37 at 7-8; D.E. 38 at 2.

This distinction does not make sense. Defendants would argue that the Supreme Court wants "life without parole" juveniles to have a "meaningful" opportunity for release, but that the High Court is satisfied if "life" juveniles have merely a perfunctory

1

opportunity for release. The Supreme Court has created a special constitutional rule for juvenile offenders based on their greater capacity for rehabilitation as compared to adult offenders. Under no logical basis would the Court extend this rule to "life without parole" juveniles, but not grant it to "life" juveniles.

The Supreme Court has recognized that "children are different" because juveniles have "lessened culpability" and a greater capacity for change." *Miller v. Alabama*, 132 S.Ct. 2455, 2470, 2460 (2012). This reasoning applies just as fully to Mr. Hayden, who was convicted of a crime he committed when he was 15 years of age. He too deserves a "*meaningful*" opportunity to obtain release on parole.

**II. Mr. Hayden has not been offered a "meaningful" opportunity for release**

North Carolina provides the minimal amount of due process required by the Fourth Circuit: "a statement of reasons for denial of parole." *Franklin v. Shields*, 569 F.2d 784, 801 (4th Cir. 1996). North Carolina does not provide the offender with notice before his parole consideration. North Carolina does not permit the offender to be heard in writing or in person or via video conference. Finally, in North Carolina, the Parole Commissioners do not hold a hearing to consider an offender's parole decision.

This cursory degree of due process is acceptable for adult offenders, but it does not rise to the level of a "meaningful opportunity for release." While it is true that the Supreme Court has not defined "meaningful" in this context, it is fair to say that it is something more than a "minimal right to due process"—the words that Defendants, themselves, use to describe their conception of Mr. Hayden's entitlement. (D.E. 37 at 12).

As of September 2014, the Parole Commission had reviewed over 15,000 cases during 2014. Due to this super-human volume of work, the Parole Commission's Administrator testified that it causes "problems" if a Commissioner spends too much time reviewing a particular offender's file. D.E. 32-2, Stevens Depo. at 117. Contrary to Defendants' assertions, Mr. Hayden does not complain about the parole review process simply because he has not yet been released. He complains because he has not been given the opportunity to make a showing that he ought to be released. The Commissioners cursorily review a summary of his prison file without giving him the opportunity for input. He fully concedes that even if he is given a full and fair opportunity to try to show his rehabilitation and maturity, he may not ever be granted parole. Parole is a discretionary decision. Mr. Hayden simply seeks full procedural protections so that his opportunity for parole is "meaningful" as opposed to perfunctory.

Respectfully submitted,

December 1, 2014

/s/Elizabeth G Simpson
Elizabeth G Simpson
N.C. State Bar No. 41596
Mary S. Pollard
N.C. State Bar No. 20081
Attorneys for Plaintiff
N.C. Prisoner Legal Services, Inc.
1110 Wake Forest Road
Raleigh, North Carolina 27604
Telephone: (919) 856-2200
E-mail: esimpson@ncpls.org

CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

        Jodi Harrison
        N.C. Department of Justice
        P.O. Box 629
        Raleigh, NC 27602
        919-716-6573
        Fax: 919-716-0001
        Email: jharrison@ncdoj.gov

        /s/ Elizabeth G. Simpson
        Elizabeth G. Simpson
        N.C. State Bar No. 41596
        Mary S. Pollard
        Attorneys for Plaintiff
        N.C. Prisoner Legal Services, Inc.
        1110 Wake Forest Road
        Raleigh, North Carolina 27604
        Telephone: (919) 856-2200
        E-mail: esimpson@ncpls.org