IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CT-3123-BO

| | |
|---|---|
| SHAUN A. HAYDEN, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PAUL G. BUTLER, | ) |
|     Defendant. | ) |
| | ) |
| | ) |

## **OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Shaun Hayden respectfully submits this reply to Defendants' memorandum in opposition to Plaintiff's' Motion for Summary Judgment. D.E. 38.

### I. *Graham* applies to Mr. Hayden's sentence

In *Graham v. Florida*, 560 U.S. 48 (2010), the Supreme Court invalidated a "life without parole" sentence for a juvenile offender convicted of a nonhomicide crime. The Court concluded that juvenile offenders are entitled to "a meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." 560 U.S. at 75. Defendants insist that this holding does not apply to Mr. Hayden because he was sentenced to "life" in prison, rather than "life without parole." *See* D.E. 37 at 7-8; D.E. 38 at 2.

This distinction does not make sense. Defendants would argue that the Supreme Court wants "life without parole" juveniles to have a "meaningful" opportunity for release, but that the High Court is satisfied if "life" juveniles have merely a perfunctory opportunity for release. The Supreme Court has created a special constitutional rule for

1

juvenile offenders based on their greater capacity for rehabilitation as compared to adult offenders. Under no logical basis would the Court extend this rule to "life without parole" juveniles, but not grant it to "life" juveniles.

The Supreme Court has recognized that "children are different" because juveniles have "lessened culpability" and a greater capacity for change." *Miller v. Alabama*, 132 S.Ct. 2455, 2470, 2460 (2012). This reasoning applies just as fully to Mr. Hayden, who was convicted of a crime he committed when he was 15 years of age. He too deserves a "*meaningful*" opportunity to obtain release on parole.

## II. *Stubbs* Does Not Relate to the Adequacy of Parole Procedures

Defendants spend substantial time arguing about the North Carolina Court of Appeals case of *In re Stubbs*, 754 S.E. 2d 174 (2014). This case is inapposite. Mr. Stubbs challenged the constitutionality of his life sentence. He did not challenge the constitutionality of North Carolina's parole procedures. The decision, therefore, has nothing to do with the adequacy of North Carolina's parole procedures.

## III. North Carolina's Parole Procedures Do Not Grant Juvenile Offenders a "Meaningful" Opportunity for Parole

Plaintiff does not ask the Court to make any judgment about Plaintiff's suitability for parole. Instead, Plaintiff asks the Court to make a judgment about the adequacy of the State's parole procedures.

Defendants do not actually rebut Plaintiff's showing, based on the evidence, that the sum of the process that North Carolina offenders receive is a minimal review of their prison file and a statement of reasons why they were denied. The Parole Case Analyst, each of whom has a load of 4,388 files, prepares the summary of the prison file. D.E. 33-3 at 28. Offenders have no opportunity to contribute any information. *Id.* at 44. Indeed,

2

they are not even notified before the process begins. *Id.* Then, the Commissioners vote on the parole cases separately. *Id.* at 104. They do not consult one another in casting their ballots, nor do they cast their ballots in the same room. D.E. 32-3 at 50-51. On a "fairly typical day," a Commissioner casts approximately 91 votes, while attending to a multitude of other duties and responsibilities. D.E. 32-3 at 25. Over the course of January 2014 – September 2014, the Commissioners voted on 15,200 cases. D.E. 32-2 at 106. It is due to the sheer volume of work that the Commissioners handle that they cannot possibly spend much time on each offender's file. If they do spend too much time, it causes "problems." D.E. 32-2 at 58.

Defendants try to assert that this parole consideration is meaningful because it is "not based merely on a 'summary of the offender's prison file,'" but "on a wealth of material including parole case analyst reports and prison risk assessments." D.E. 38 at 7. In point of fact, the "parole case analyst reports" are the name that the Commission gives to the "summary of the offender's prison file," and the "prison risk assessments" are information contained within the "offender's prison file." The truth of the matter is that the parole review process is based on a summary of the offender's prison file, and that the Commissioners are given a very short window of time to read that summary and cast their ballot. A "meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation" would permit the offender the opportunity to be heard, either in person, via videoconference, or in writing—so that he could have a chance to demonstrate maturity and rehabilitation to the Commission. North Carolina's system does not permit that opportunity.

### IV. Plaintiff Has Been Injured

Defendants assert that Plaintiff's injury is "hypothetical"—but they misconstrue the nature of Plaintiff's injury. Plaintiff does not claim he is injured because he believes "he will never be paroled in the future." D.E. 38 at 9-10. Rather, Plaintiff's injury is the denial of a "meaningful opportunity to obtain release." He has suffered this injury annually since 2002, each time he has been afforded only a cursory parole procedure. He will continue to suffer this injury annually until the day the Parole Commission either paroles him, or changes its procedures to comport with the mandate in *Graham*.

### V. Conclusion

Defendant does not rebut any of the facts Plaintiff asserts in support of the Motion for Summary Judgment. Indeed, it would be difficult to do so, as they are taken from the testimony of the Parole Commission's Chairperson and Chief Administrator. Hence, Plaintiff is entitled to judgment as a matter of law, or in the alternative, a hearing on the evidence.


Respectfully submitted,      /s/Elizabeth G Simpson
                             Elizabeth G Simpson
                             N.C. State Bar No. 41596
December 1, 2014             Mary S. Pollard
                             N.C. State Bar No. 20081
                             Attorneys for Plaintiff
                             N.C. Prisoner Legal Services, Inc.
                             1110 Wake Forest Road
                             Raleigh, North Carolina 27604
                             Telephone: (919) 856-2200
                             E-mail: esimpson@ncpls.org

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 1, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

       Jodi Harrison
       N.C. Department of Justice
       P.O. Box 629
       Raleigh, NC 27602
       919-716-6573
       Fax: 919-716-0001
       Email: <u>jharrison@ncdoj.gov</u>

                <u>/s/ Elizabeth G. Simpson</u>
                Elizabeth G. Simpson
                N.C. State Bar No. 41596
                Mary S. Pollard
                Attorneys for Plaintiff
                N.C. Prisoner Legal Services, Inc.
                1110 Wake Forest Road
                Raleigh, North Carolina 27604
                Telephone: (919) 856-2200
                E-mail: esimpson@ncpls.org