<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-7676

SHAUN ANTONIO HAYDEN,

        Plaintiff - Appellee,

   v.

PAUL G. BUTLER, JR.,

        Defendant - Appellant,

   and

ALVIN W. KELLER; ROBERT C. LEWIS; ANTHONY E. RAND,

        Defendants.

--------------------------

NORTH CAROLINA PSYCHIATRIC ASSOCIATION; NORTH CAROLINA PSYCHOLOGICAL ASSOCIATION; NORTH CAROLINA COUNCIL OF CHILD AND ADOLESCENT PSYCHIATRY; UNC CENTER FOR CIVIL RIGHTS; THE UNC YOUTH JUSTICE CLINIC; FORMER NORTH CAROLINA JURISTS,

        Amici Supporting Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge. (5:10-ct-03123-BO)

Argued:  May 10, 2016                    Decided:  August 1, 2016

Before NIEMEYER and WYNN, Circuit Judges, and Thomas E. JOHNSTON, United States District Judge for the Southern District of West Virginia, sitting by designation.

---

Dismissed by unpublished per curiam opinion.

---

**ARGUED**: Joseph Finarelli, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellant.  Benjamin Steed Finholt, NORTH CAROLINA PRISONER LEGAL SERVICES, INC., Raleigh, North Carolina, for Appellee.  **ON BRIEF**: Roy Cooper, Attorney General, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellant.  Mary S. Pollard, NORTH CAROLINA PRISONER LEGAL SERVICES, INC., Raleigh, North Carolina, for Appellee.  John R. Mills, PHILLIPS BLACK PROJECT, San Francisco, California; Narendra Ghosh, PATTERSON HARKAVY LLP, Chapel Hill, North Carolina, for Amicus Former North Carolina Jurists.  Mark Dorosin, Brent Ducharme, Elizabeth Haddix, Maryam Al-Zoubi, Third Year Student, UNC Center for Civil Rights, Tamar Birckhead, Barbara Fedders, UNC Youth Justice Clinic, UNIVERSITY OF NORTH CAROLINA SCHOOL OF LAW, Chapel Hill, North Carolina, for Amici UNC Center for Civil Rights and UNC Youth Justice Clinic.  Daniel J. Westbrook, Susan H. Nelson, Cashida N. Okeke, NELSON MULLINS RILEY & SCARBOROUGH, LLP, Columbia, South Carolina, for Amici North Carolina Psychological Association, North Carolina Psychiatric Association, and North Carolina Council of Child & Adolescent Psychiatry.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellant seeks to appeal the district court's order denying his motion for summary judgment, granting in part and denying in part without prejudice Appellee's motion for summary judgment, and directing the parties to present a plan for the means and mechanism for compliance with the mandates of Graham v. Florida, 560 U.S. 48 (2010). This Court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 545–46 (1949). The district court's order is not a final order because the court retained jurisdiction to rule on Appellee's request for injunctive relief. See Gelboim v. Bank of Am. Corp., 135 S. Ct. 897, 902 (2015) ("A final decision is one by which a district court disassociates itself from a case." (citation omitted)). Additionally, contrary to Appellant's assertion, the district court's order directing the parties to develop a plan is neither an immediately appealable injunction nor in the nature of such an injunction, as it does not present serious consequences that can only be effectively challenged by immediate appeal.* See U.S. ex

---

* While the district court's order technically denied Appellee's request for injunctive relief, the denial was without prejudice and the lower court's intent was clearly to grant injunctive relief at some later point. Thus, this cannot be viewed as a refusal of an injunction under 28 U.S.C. § 1292(a)(1).

3

rel. Rahman v. Oncology Assocs., P.C., 198 F.3d 502, 507 (4th Cir. 1999) ("The [Supreme] Court ha[s] . . . delineated two essential requirements for determining whether an order in the nature of an injunction should be appealable as an interlocutory order under 1292(a)(1): that the order be of 'serious, perhaps irreparable, consequence' and that it can be 'effectually challenged' only by immediate appeal." (quoting Carson v. Am. Brands, Inc., 450 U.S. 79, 84 (1981))). Finally, the district court's order is not an appealable collateral order because it addressed issues that are central to the merits of this action. See Will v. Hallock, 546 U.S. 345, 349 (2006) ("[T]he collateral order doctrine accommodates a 'small class' of rulings, not concluding the litigation, but conclusively resolving 'claims of right separable from, and collateral to, rights asserted in the action.'" (quoting Behrens v. Pelletier, 516 U.S. 299, 305 (1996))). Accordingly, we dismiss the appeal for lack of jurisdiction.

DISMISSED

---

Moreover, neither party challenges the district court's denial of injunctive relief in the instant appeal or asserts it as a jurisdictional basis. Instead, Appellant challenges the lower court's order, in part, on the basis that it directs the parties to develop a plan. Finally, even if Appellant had raised the denial of an injunction in the instant appeal, this would not be a basis for jurisdiction because Appellant sought such a denial before the lower court. See Liberty Mut. Ins. Co. v. Wetzel, 424 U.S. 737, 745 (1976).