THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CT-3123-BO

| | | |
|---|---|---|
| SHAUN ANTONIO HAYDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANT'S RESPONSE IN** |
| v. | ) | **OPPOSITION TO PLAINTIFF'S** |
| | ) | **PROPOSED PLAN FOR NORTH** |
| PAUL G. BUTLER, | ) | **CAROLINA'S COMPLIANCE WITH** |
| | ) | ***GRAHAM* [D.E. 81]** |
| Defendant. | ) | |

NOW COMES Defendant Paul G. Butler, Jr., by and through counsel, North Carolina Attorney General Roy Cooper and Special Deputy Attorney General Joseph Finarelli, responding in opposition to Plaintiff's Proposed Plan For North Carolina's Compliance With *Graham* (D.E. 81) ("Plaintiff's Plan") as follows:

For all their earnestness, both Plaintiff's Plan and the Memorandum of Law filed in support of it (D.E. 82), seek to convert the Supreme Court's decision in *Graham v. Florida*, 560 U.S. 48 (2010), and, by association, this Court's summary judgment order, from the Eighth Amendment context in which both were clearly decided into legal analysis predicated under due process principles. However, as this Court noted, "[t]he Supreme Court in *Graham* viewed the question, not as one of due process, but in terms of the constitutional protections found within the Eighth Amendment." (D.E. 58, p. 11) (emphasis added). This Court also observed that:

> Importantly, *Graham* then found that "[t]he Constitution prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide."

(*Id.*) (quoting *Graham*, 560 U.S. at 82). Furthermore, as this Court recognized, "*Graham* explicitly holds that '[w]hat the State must do is give some meaningful opportunity to obtain

release based on demonstrated maturity and rehabilitation.'" (D.E. 58, p 15) (quoting *Graham*, 560 U.S. at 75).

While Defendant maintains that this Court erroneously concluded that *Graham* applies here given Plaintiff's sentence of life with the possibility of parole, it is important to note that *Graham* instructs that "[i]t is for the State, in the first instance, to explore the means and mechanisms for compliance." 560 U.S. at 75. Yet, Plaintiff proposes "that the District Court make individual findings on the necessity of" each of seven procedural elements contained in Plaintiff's Plan, as well as "whether funds for either counsel or an expert witness must be provided by the State for indigent offenders." (D.E. 82, p 3) Stunningly, Plaintiff then posits that

> [o]nce it has made those rulings regarding the minimum requirements of due process, the plan would leave it to the State to experiment with the "means and mechanism" of compliance within the bounds of the Court's order.

(D.E. 82, p 3) Plaintiff apparently premises such intervention on his ambitious – and erroneous – suggestion that this Court's summary judgment order "creates a greater (federal constitutional) liberty interest in conditional release for juvenile offenders than the (limited state-created) interest enjoyed by adult offenders." (D.E. 82, p 4) This Court's 25 September 2015 Order did no such thing.

Curiously, Plaintiff cites to no federal district or appellate court that has undertaken such an unprecedented foray into a state's parole review procedures. Instead, throughout his Memorandum of Law, Plaintiff cites repeatedly to the parole review practices adopted by state legislative enactments or judicial decrees by those states' courts. (D.E. 82) In doing so, however, Plaintiff forgets that the overriding inquiry is not whether North Carolina's procedures match those of Massachusetts, California, or Connecticut, for example, but rather whether North

Carolina's procedures provide to Plaintiff the "meaningful opportunity for release based on demonstrated maturity and rehabilitation" that *Graham* requires for certain offenders. Because Defendant's proposed plan not only addresses this Court's expressed concerns in the 25 September 2015 Order but also furnishes the "meaningful opportunity" required, Plaintiff's Plan should be rejected and Defendant's proposed plan should be adopted.

Over several pages in its summary judgment order, this Court identified its specific concerns with North Carolina's existing parole review procedures for juvenile offenders, including: (1) no consideration given to the offender's status as a juvenile and no specific information considered about maturity or rehabilitative efforts; (2) enormous caseloads for parole case analysts; and (3) no notice of parole review being provided to the offender, his family, or other advocates. (D.E. 58, pp 16-19) Defendant's proposed plan addresses each of those concerns and more.

Specifically, eligible offenders are assigned to a designated parole case analyst and will receive notice of an upcoming parole review hearing at least 180 days in advance. An eligible offender will be permitted to submit to the Parole Commission any materials reflecting the offender's maturity, rehabilitation, and suitability for parole, and may furnish to the Parole Commission a written explanation of the circumstances of the underlying crime(s) or an appellate court opinion outlining those facts, if available. The parole case analyst's biennial summary of the eligible offender's case will include a summary of the materials submitted by the offender. (D.E. 83, pp 1-2)

As for the hearing process itself, the eligible offender and any attorneys or advocates on his behalf will be guaranteed a thirty minute meeting slot with at least one Commissioner, with the offender participating by videoconference. The same Commissioner who presides over the

eligible offender's hearing will also preside over a similarly-guaranteed thirty-minute hearing slot for those who might oppose the offender's parole release. The eligible offender will be permitted to present any evidence demonstrating his maturity and rehabilitation, and an audio recording will be made of each hearing. (D.E. 83, p 3)

At the conclusion of any hearings conducted, the presiding Commissioner with the assistance of the parole case analyst, will prepare a report and circulate that Commissioner's recommendation to the remaining members of the Parole Commission for review and consideration. In the event parole is denied, the offender will be provided a letter stating the specific reasons for the denial as well as recommendations such as educational or rehabilitative programming the offender may take to improve his or her future chances for parole release. The audio recordings of any hearings will be kept for three years after a denial of parole or until the offender is subsequently released on parole, whichever comes first. (D.E. 83, pp 3-4)

With these – and other – elements incorporated in Defendant's proposed plan, the State of North Carolina has now provided the "means and mechanisms" by which a juvenile offender will be afforded the "meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation" that *Graham* appears to contemplate. That Defendant's proposed plan may not incorporate all of the procedures adopted in other states – or that are particularly desired by Plaintiff – is irrelevant; neither *Graham* nor the Eighth Amendment require uniformity among the states, only procedures that meet the applicable standards. Because Defendant's proposed plan and the procedures outlined therein meet those standards, this Court should adopt it and reject Plaintiff's invitation to find rights and impose procedures that *Graham* never contemplated and that the Eighth Amendment does not require.

Respectfully submitted this 24th day of October, 2016.

                                              ROY COOPER
                                              Attorney General

                                              /s/ Joseph Finarelli
                                              Joseph Finarelli
                                              Special Deputy Attorney General
                                              Public Safety Section
                                              N.C. Department of Justice
                                              P.O. Box 629
                                              Raleigh, NC  27602-0629
                                              Telephone:  (919) 716-6531
                                              Facsimile:  (919) 716-6563
                                              E-mail: jfinarelli@ncdoj.gov
                                              N.C. State Bar No. 26712

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing **DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S PROPOSED PLAN FOR NORTH CAROLINA'S COMPLIANCE WITH *GRAHAM*** with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to the following:

>Elizabeth G. Simpson
>esimpson@ncpls.org
>Mary S. Pollard
>mpollard@ncpls.org
>Benjamin Finholt
>bfinholt@ncpls.org
>*Attorneys for Plaintiff*
>
>John R. Mills
>j.mills@phillipsblack.org
>*Attorney for Proposed Intervenor-Plaintiff Eddie Smith*

This the 24th day of October, 2016.

>/s/ Joseph Finarelli
>Joseph Finarelli
>Special Deputy Attorney General