# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

## No. 5:10-CT-3123

| | |
|---|---|
| SHAUN A. HAYDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PAUL G. BUTLER, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM IN RESPONSE TO DEFENDANT'S PROPOSED PLAN

Plaintiff Shaun Hayden, through undersigned Counsel, hereby submits to the District Court his memorandum in response to Defendant's Proposed Plan. D.E. 83.

\* \* \*

## POINTS OF AGREEMENT AND DISAGREEMENT

To begin, Plaintiff informs the District Court that he agrees with the majority of the details included in Defendant's Proposed Plan. It is consistent with several of the seven broad strokes outlined by Plaintiff in his own proposed plan. D.E. 81. The broad points of agreement include (1) notice, (2) the provision of a hearing in which an offender may present witnesses and evidence, (3) the offender's right to utilize counsel and an expert witness, and (4) a statement of reasons for denial. The points of disagreement include the (1) disclosure of evidence, (2) the length of the hearing, and whether the hearing is in-person and in front of all decision-makers, (3) whether counsel and an expert will be funded by the State, and (4) the availability of judicial review. As a means

1

of illustrating the points of agreement and disagreement, Plaintiff provides an annotated list of Defendant's proposals with Plaintiff's proposed revisions in bold, italic, underlined text:

Pre-Hearing Procedures

- Juvenile offenders convicted as adults and sentenced to life with the possibility of parole ("Eligible Offenders"), will be assigned to a caseload of a designated parole case analyst;
- Eligible Offenders will be reviewed on a biennial basis;
- Eligible Offenders will receive written notice from the North Carolina Post-Release Supervision and Parole Commission ("the Parole Commission") at least 180 days in advance of any parole review hearing;
- ~~In advance of an Eligible Offender's parole review hearing~~, The family members, advocates, attorneys, or other witnesses of the Eligible Offender will be guaranteed a ~~thirty-minute meeting slot~~ ***attendance at the parole review hearing which will last up to six hours*** to address in person ~~one or more members of the Parole Commission~~ ***the entire Parole Commission*** in order to demonstrate how the Eligible Offender has achieved the level of maturity and rehabilitation necessary to render him suitable for parole release;
- An Eligible Offender may request a reasonable continuance of a scheduled parole review hearing up to thirty (30) days in advance of the designated hearing date;
- Those who wish to oppose an Eligible Offender's release on parole will be guaranteed, if requested, a~~n~~ ~~equal~~ thirty-minute meeting slot to address ~~the same~~ ***one or more*** Commissioner(s) ***on the issue of whether the Eligible Offender has***

***achieved the level of maturity and rehabilitation necessary to render him suitable for parole release*** ~~who will preside over any parole review hearing for the Eligible Offender whose suitability for parole release is being challenged~~;

- Offenders will be permitted to submit, in writing, a personal explanation of the circumstances of his underlying offense(s) or, if available, an appellate court opinion setting forth the facts of any offense(s), as well as any materials documenting the offender's maturity, rehabilitation, and suitability for parole;

- The designated parole case analyst will prepare, on a biennial basis, a summary of the offender's file, including a summary of any written materials submitted by or on behalf of the offender;

Hearing Procedures

- The Eligible Offender will be permitted to appear, ~~via videoconferencing~~ ***in person***, before the ~~Commissioner(s)~~ ***Full Commission*** and the designated parole case analyst during the ~~thirty-minute~~ ***up to six-hour*** parole review hearing;

- Audio recordings will be made of the proceedings of both the ***up to six-hour*** parole review hearing afforded to the Eligible Offender and, if requested, any thirty-minute hearing afforded to individuals opposing the Eligible Offender's parole release;

- Any attorney, expert witness, advocate, and/or witness on behalf of the Eligible Offender will be able to present to the ~~Commissioner(s)~~ ***Full Commission*** any evidence demonstrating, in the opinion of the presenting party, the Eligible Offender's maturity, rehabilitation, and suitability for parole release;

- ***An indigent offender will be provided an appointed attorney and funds to retain a psychological expert of his choice***
- Any attorney, expert witness, advocate, and/or witness on behalf of those in opposition to an Eligible Offender's suitability for parole release will be able to present to the ~~Commissioner(s)~~ ***Full Commission*** any evidence demonstrating, in the opinion of the presenting party, the Eligible Offender's lack of maturity, rehabilitation, and suitability for parole release;

Post-Hearing Procedures

- At the conclusion of the parole review hearing afforded to the Eligible Offender and, if requested, the hearing afforded to those opposing the Eligible Offender's parole release, the ~~Commissioner designated to preside over the hearings~~, ***Full Commission***, with the assistance of the designated parole case analyst, will prepare a report to be signed by the ~~presiding Commissioner and circulated to the remaining members of the Commission for review and consideration~~ ***Full Commission and placed in the Eligible Offender's file***.
- In the event that parole release is denied, the Parole Commission will send a letter to the Eligible Offender stating the specific reason(s) why parole release was denied as well as any recommendation(s) for steps the Eligible Offender may take to improve his or her future chances for parole release, such as completion of specific educational or rehabilitative programs offered by the Division of Prisons, or the continuation of infraction-free behavior prior to the next review;
- Although the STATIC-99 risk assessment tool is not currently used by the Parole Commission during the parole review process, that risk assessment tool will not

be used nor will the results of any previously-administered STATIC-99 risk assessment be considered during the parole review process for any Eligible Offender;

- The audio recordings of the parole review hearing(s) for an Eligible Offender will be maintained for ~~three~~ ***ten*** years from the date of the denial of parole release following any parole review hearing or until such time as the Eligible Offender is released on parole, whichever occurs first;

- The Parole Commission will collect and maintain data, along the lines of its current practices, including how many parole review hearings for the population of Eligible Offenders are held annually, the results of the parole review process for the population of Eligible Offenders, and a statistical breakdown on the basis of age, race, gender, and type of criminal offense of parole review hearings conducted for Eligible Offenders;

- The Parole Commission will request that the Division of Adult Correction & Juvenile Justice and, specifically, the Division of Prisons, will give careful consideration to any MAPP contract recommended by the Parole Commission for any Eligible Offender when the MAPP contract contains requirements for the Eligible Offender's infraction-free behavior, education, job training, and/or successful participation in any available community volunteer, home visit, and work-release program

- ***<u>The denial of an Eligible Offender's parole release may be subject to judicial review under an abuse of discretion standard</u>***

**ADDITIONAL SUPPORT FOR PLAINTIFF'S PROPOSALS**

In addition to the memorandum in support of Plaintiff's Proposed Plan, D.E. 82, Plaintiff submits the following additional support regarding the points of disagreement between the two plans:

**Disclosure of Evidence**

"Where governmental action seriously injures an individual and the reasonableness of the action depends on fact findings, the evidence used to prove the Government's case must be disclosed to the individual so that he has an opportunity to show that it is untrue." *Goldberg v. Kelly*, 397 U.S. 254, 270 (1970) (quoting *Greene v. McElroy*, 360 U.S. 474, 496 (1959)). This statement applies equally to a juvenile offender's parole hearing where, heretofore, the Parole Commission has considered a range of secret evidence when deciding whether to grant or deny parole.

Disclosure of evidence was mandated in *Vitek v. Jones*, 445 U.S. 480 (1980), where a prisoner was considered for transfer to a mental hospital. The U.S. Supreme Court affirmed the District Court's holding that "disclosure to the prisoner . . . of the evidence being relied upon" is necessary for the hearing to comply with due process. The U.S. Supreme Court came to similar conclusions in *Morrissey v. Brewer*, 408 U.S. 471 (1972) (parole revocation proceedings) and *Gagnon v. Scarpelli*, 411 U.S. 778 (1973) (probation revocation proceedings). Evidence disclosure is similarly required in all criminal and civil judicial proceedings through the discovery process. *Cf. Brady v. Maryland*, 373 U.S. 83, 87 (1963). Secret evidence is an affront to due process and it violates principles of fundamental fairness because "[a person] cannot rebut what has not been alleged." *Kaur v. Holder*, 561 F.3d 957, 962 (9th Cir. 2009).

One example of the necessity of disclosure of evidence is the existence of a particular psychological report within Mr. Hayden's parole file. It concluded that plaintiff might always require supervision because "he has spent most of his developmental life in prison" and therefore is "unlikely [to have] sufficient coping skills and decision making ability." If not for this lawsuit, Mr. Hayden would not be aware of this piece of evidence against him, and he would not be on notice that he needed to provide specific proof in rebuttal. Indeed, in any particular case, the Parole Commission may make a decision to deny parole that is based upon information that is out-of-date, erroneous, or improper. In order to have a "meaningful opportunity for parole release," the juvenile offender must be able to counter such evidence with his own proof.

**<u>An in-person hearing before all decision-makers for a sufficient period of time</u>**

A parole hearing for a juvenile offender will require the consideration of a sizeable amount of information. This includes evidence of the circumstances of the original crime, the juvenile offender's psychological profile at the time of the crime, the juvenile offender's educational, vocational, and volunteer programming while in prison, the juvenile offender's disciplinary history, and any expert psychological evidence regarding "rehabilitation" and "maturation." The Parole Commission will interview the juvenile offender at the hearing, and take account of his demeanor, the genuine nature of his claims of remorse, and any evidence of personal growth. These considerations will be easier to take into account if the offender is present in the room, rather than available by video-conference. Certainly it will be impossible for an advocate and juvenile offender to present all of the relevant information within a thirty-minute period, as proposed by

Defendant. Plaintiff suggests a period of up to six hours in order for the juvenile offender's hearing to be "meaningful."

Additionally, Plaintiff proposes that all decision-makers be present at the hearing, rather than just one (as Defendant proposes). Considerations of an offender's demeanor, the genuine nature of his claims of remorse, and any evidence of personal growth are necessarily subjective, and each Commissioner may have a different impression. An attorney's marshaling of the evidence is a performance that each Commissioner should witness. In other procedural regimes—civil, criminal, or administrative—all decision-makers are present for a hearing or trial. At present, the Parole Commission's massive power is unchecked by the executive or judicial branch. Multiple commissioners act as a check on one another, reducing the risk of arbitrary decision-making and abuse of power. *See e.g.*, *PHH Corporation, et al. vs. Consumer Financial Protection Bureau*, __ F.3d __, 2016 WL 5898801 (DC Cir. Oct. 11, 2016). While Defendant will argue that the Commissioners do not have time to attend all parole hearings, it is important that they dedicate the time to attend. Indeed, in a regime where Commissioners are so strapped for time that it "causes problems" if they spend too long reviewing a file, it is unrealistic to expect a Commissioner who is not present at the hearing to thoroughly review a written report. Only in-person attendance will protect the juvenile offender's rights.

**Paid counsel and expert**

Plaintiff rests on the briefing in his original memorandum. D.E. 82.

**Judicial Review**

Plaintiff rests on the briefing in his original memorandum. D.E. 82.

**CONCLUSION**

For the reasons set forth above, and for the reasons set forth in Plaintiff's Memorandum in Support of his Proposed Plan, D.E. 82, Plaintiff respectfully requests that the Court adopt the changes suggested above as supplements to Defendant's proposed plan.

October 31, 2016

Respectfully submitted,

N.C. PRISONER LEGAL SERVICES

By: /s/ Elizabeth G. Simpson
Elizabeth G. Simpson
N.C. Bar No. 41596
Mary S. Pollard
N.C. Bar No. 20081
Ben Finholt
N.C. Bar No. 40402
P.O. Box 25397
Raleigh, NC 27611
919-856-2220
919-856-2223 (fax)
esimpson@ncpls.org
*Counsel for Plaintiff*

# CERTIFICATE OF SERVICE

The undersigned further certifies that on October 31, 2016, I electronically filed the foregoing Memorandum in Support of Plaintiff's Proposed Plan for Compliance with the Clerk of the Court using the CM/ECF system which will send notification to:

>Mr. Joseph Finarelli
>jfinarelli@ncdoj.gov
>Attorney for Defendant
>
>Mr. John R. Mills
>j.mills@phillipsblack.org
>Attorney for Proposed Intervenor-Plaintiff Eddie Smith

>/s/ Elizabeth G. Simpson
>Elizabeth G. Simpson
>N.C. Bar No. 41596
>P.O. Box 25397
>Raleigh, North Carolina 27611
>919-856-2220
>919-856-2223 (fax)
>esimpson@ncpls.org
>
>*Counsel for Plaintiff*